IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISON

FILED
APR 2 1 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| BASILIO J. MORELLI, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | **DR09CA020** |
| AIG CLAIM SERVICES, INC. n/k/a | § | |
| AIG DOMESTIC CLAIMS, INC., | § | |
| NATIONAL UNION FIRE INSURANCE | § | |
| COMPANY OF PITTSBURGH | § | |
| and BANK OF AMERICA, N.A., | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A.  Parties

1. Plaintiff Basilio J. Morelli is a resident of Kinney County, in the State of Texas.

2. Defendant AIG Claim Services, Inc. n/k/a AIG Domestic Claims, Inc. has its principal office in New York, New York and can be served through its registered agent, United States Corp Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

3. Defendant Bank of America, N.A. has its principal office in Charlotte, North Carolina and can be served through its registered agent, CT Corporation System, .350 North St. Paul, Suite 2900, Dallas, Texas 75201.

4. Defendant National Union Fire Insurance Company of Pittsburgh has its principal office in Harrisburg, Pennsylvania and can be served through its registered agent, Corporation Service Company, 701 Brazos Street. Suite 1050, Austin, Texas 78701.

**B.     Jurisdiction and Venue**

5. This Court has diversity jurisdiction of this dispute because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court because the Plaintiff resides in Kinney County.

**C.     Facts**

7. In 2007, Plaintiff received an unsolicited phone solicitation on behalf of Defendant Bank of America, wherein the caller offered Plaintiff what he called a disability insurance policy that would pay Plaintiff a monthly amount if he was disabled such that he could not perform his job, with a lump-sum payment of $1 million if he was permanently disabled after six months of benefits.

8. The caller told Plaintiff that he was being offered this special benefit because he was a Bank of America customer.

9. Plaintiff clarified that if he was disabled and unable to perform his job, he would receive benefits under the policy.

10. Plaintiff purchased the insurance for himself and his wife based on the representations made by Bank of America's representative.

11. Plaintiff purchased the disability insurance in February 2007 by paying his first premium.

12. He then realized that his first payment was actually enough to pay for several months' premiums.

13. He called Defendants and was told that he had paid three premiums in his first payment and that he would not owe another premium for three months.

14. On or about May 6, 2007, Plaintiff fell off a second-story roof and injured his neck and back.

15. He underwent cervical surgery in June 2007 and, according to his physician, was rendered totally disabled from his job.

16. Plaintiff filed a claim under his disability policy that he purchased with Defendants.

17. On March 24, 2008, Defendant AIG Claim Services, on behalf of Defendant National Union Fire Insurance Company of Pittsburgh ("National Union"), denied Plaintiff's claim for benefits.

18. In the denial, National Union explained that the "disability policy" that Plaintiff purchased was, in reality, a dismemberment policy and that because Plaintiff had not suffered dismemberment or some sort of permanent paralysis, he was not eligible for benefits. National Union also claimed that Plaintiff's policy did not become effective until after the accident.

## Violations of Texas Insurance Code and DTPA

19. Plaintiff incorporates the factual allegations contained in the previous paragraphs here as if repeated fully.

20. Defendants violated the Texas Insurance Code and the Deceptive Trade Practices Act in the sale of a "disability policy" that did not provide the benefits promised to Plaintiff.

21. Defendant Bank of America, acting as the agent or representative of Defendant National Union, told Plaintiff that he was purchasing a disability insurance product that had benefits that were not present in the policy it apparently sold to him.

22. Plaintiff was told that he would have disability coverage if he was unable to perform the duties of his occupation.

23. However, the policy issued to Plaintiff had this requirement **and** the requirement that Plaintiff be dismembered or permanently paralyzed.

24. Defendants made no mention of these additional requirements for benefits when selling Plaintiff the policy at issue or Plaintiff would not have purchased the policy.

25. These misrepresentations on the part of Defendants were the producing cause of damages to Plaintiff in that his claim for benefits was denied even though he is totally disabled from performing his job and became so disabled during the effective dates of the policy.

26. Defendant National Union also violated the Texas Insurance Code and the DTPA by concluding that Plaintiff's policy was not effective. Defendant failed to credit properly Plaintiff's premium payments and misinformed Plaintiff about how his premium payments – paid in advance – would be credited.

27. Defendants misrepresented an insurance policy as prohibited by Section 541.061 of the Insurance Code as follows: by making an untrue statement of material fact; by failing to state a material fact necessary to make other statements not misleading, considering the circumstances under which the statements were made; and/or by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

28. Defendants also engaged in unfair and deceptive acts or practices prohibited by Subchapter B, Chapter 541, Texas Insurance Code, by making, issuing, or circulating, or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting the terms of the policy or the benefits or advantages promised by the policy.

29. Defendants also violated Section 542.060 of the Texas Insurance Code by failing to timely pay Plaintiff's claim. For this reason, Plaintiff is entitled to an additional 18% per year of the amount of the claim, plus attorneys' fees.

30. As a result of these misrepresentations and unfair and deceptive acts or practices, Plaintiff has suffered damages, for which he now sues.

31. In addition, Plaintiff is a consumer under the Texas Deceptive Trade Practices Act ("DTPA") because he is an individual who sought or acquired goods or services by purchase.

32. Defendants violated the DTPA by engaging in false, misleading, or deceptive acts or practices that Plaintiff relied on to his detriment.

33. In connection with the conduct and/or omissions described above, Defendants engaged in an "unconscionable action or course of action" under the DTPA by taking advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree. Defendants also violated the DTPA by committing the following false, misleading, or deceptive practices: representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and failing to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

34. Defendants committed such acts intentionally or knowingly, leading to additional damages under the DTPA.

35. As described above, Defendants' wrongful conduct was a producing cause of damages to Plaintiff. Plaintiff is entitled to the Maximum Benefit under the policy, mental anguish damages, attorneys' fees, and treble damages because of Defendants' knowing or intentional conduct.

### Common Law Fraud

36. Plaintiffs incorporate the preceding paragraphs as if repeated fully here.

37. In the alternative, Defendants knowingly or recklessly made false representations of material fact to Plaintiff with the intent of inducing Plaintiff to purchase the Policy at issue.

38. Each of these representations concerned material facts for the reason that Plaintiff would not have purchased the Policy had he known the representations were false. Plaintiff relied on the representations to his substantial injury and damage. Plaintiff is entitled to actual and exemplary damages because of Defendants' fraud.

### Negligent Misrepresentation

39. Plaintiff incorporates the preceding paragraphs as if repeated fully here.

40. Defendants made representations to Plaintiff in the course of its business or in a transaction in which Defendants had an interest.

41. Defendants supplied false information for the guidance of Plaintiff, as detailed above. Defendants did not exercise reasonable care or competence in obtaining or communicating this information, upon which Plaintiff justifiably relied.

42. Defendants' negligent misrepresentations proximately caused Plaintiff injury.

### D.   Rule 23

43. Plaintiff incorporates the preceding paragraphs as if repeated fully here.

44. Should Plaintiff learn of facts during discovery that merit class treatment against Defendants, Plaintiff reserves the right to amend his pleadings to request class treatment of his claims.

### E.   Jury Demand

45. Plaintiff hereby demands a jury.

### F.   Damages and Prayer

46. As a result of Defendants' conduct, Plaintiff seeks compensatory, actual, and exemplary damages, as well as mental anguish and attorneys' fees. Plaintiff also seeks exemplary damages or, alternatively, additional damages under the DTPA and Texas Insurance Code.

In addition, Plaintiff seeks an additional 18% per annum on his claim amount under the Texas Insurance Code.

47. Plaintiff also seeks recovery of pre and post-judgment interest as allowed by law.

48. Finally, Plaintiff seeks any further relief to which they may be justly entitled.

Respectfully submitted,

THE FIELD LAW FIRM

**/s/ Scott King Field**
Scott King Field
State Bar ID No. 00793725
9442 Capital of Texas Hwy. North
Arboretum Plaza One, Suite 500
Austin, Texas 78759
(512) 343-3663
(866) 271-4431 (fax)

BRININGER LTD.

**/s/ Blair Brininger**
Blair Brininger
USDC SD/TX No. 8383
Texas Bar No. 03002550
1400 Broadfield, Suite 200
Houston, Texas 77084
(713) 659-3737
(720) 863-2096 (fax)

ATTORNEYS FOR PLAINTIFFS

JURY DEMAND PURSUANT TO FED. R. CIV. P. 38

Pursuant to Rule 38-FRCP Plaintiff demands a jury for each and every issue triable to a jury.

https://koopaelanik.disability.md:444/documents/4153 (morelli v. aig and bank of america)/6.01/original complaint.morelli.docx